Bart Patterson, Esq.
Chief Counsel
Nevada Bar No. 7128
Kwasi Nyamekye, Esq.
System Counsel
Nevada Bar No. 4018
Nevada System of Higher Education
5550 W. Flamingo Road, Suite C-1
Las Vegas, Nevada 89103
Telephone: (702) 889-8426
Fax No: (702) 889-8495
*Attorney for Nevada System of Higher
Education and all NSHE related Defendants*

Mirch Law Office
Marie C. Mirch, Esq.
Nevada Bar No. 6747
3507 West Charleston Blvd.
Las Vegas, NV 89102
Telephone: (702) 324-7444
Attorney for Plaintiffs,
Richard Schweickert and Mary Lahren

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD SCHWEICKERT, an individual, MARY LAHREN, an individual,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>NEVADA SYSTEM OF HIGHER EDUCATION, et a.,<br><br>Defendants-Appellees. | D.C. No. 3:06-cv-00531-RCJ-RAM<br><br><br>JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT |

The parties in the above-entitled matter jointly move this Court to approve their settlement agreement settling all matters between them. The Court has personal jurisdiction over the parties and has subject matter jurisdiction over this matter. In support of this motion, the parties further state as follows:

1.  Plaintiffs filed this action in this Court on October 9, 2006, asserting claims of retaliation, violation of constitutional rights and interference with contract and prospective

1

1  economic advantage. Dokt. #1. Defendants denied the allegations. Dokt. #13.

2. Defendants moved for summary judgment in their favor and against plaintiffs as to all of the claims for relief (Dokt. #46) to which plaintiffs submitted an opposition (Dokt. # 78).

3. This court granted summary judgment for all the defendants with respect to all of the claims for relief asserted by plaintiffs. Dokt. #86. The Court also awarded defendants their costs in the amount of $3,956.35. Dokt. #91.

4. Plaintiffs then appealed from the Order granting defendants summary judgment and denying plaintiffs' motion to strike said summary judgment motion. Dokt. #89.

5. The Ninth Circuit Court of Appeals assigned the case to its mediation program. DoktEntry 10. Over a period of several months, the parties and the Circuit Mediator worked hard to settle this case and another case by plaintiffs against the defendants which is now pending in the Second Judicial District Court of the State of Nevada in for the County of Washoe (Case No. CV05 02309). The effort culminated in a mediated global settlement and general mutual release on October 21, 2010, the terms of which have been agreed to by the parties. A true and correct executed copy of the settlement agreement and general mutual release is attached hereto as Exhibit 1.

6. Following the settlement agreement, the parties submitted to the Ninth Circuit a joint stipulation for remand of the case to this Court for approval of the settlement. DktEntry: 11. Based on that request, the Ninth Circuit has entered an Order of remand to this Court for approval of the pending settlement agreement. DoktEntry: 12. This Order acts as and for the mandate of the Ninth Circuit. Dokt. #92.

WHEREFORE, for the foregoing reasons, the parties herein respectfully request that this Court approve the terms of their settlement agreement, a true and correct executed copy of which

///
///
///
///
///
///

is attached hereto as Exhibit 1. The parties shall bear their own costs on appeal and in this Court.

DATED this 3rd day of November, 2010.

| OFFICE OF CHIEF COUNSEL, | MIRCH LAW FIRM |
|---|---|
| /s/ Kwasi Nyamekye<br>Bart Patterson, Esq.<br>Nevada State Bar No. 7128<br>Chief Counsel<br>Kwasi Nyamekye, Esq.<br>Nevada State Bar No. 4018<br>System Counsel<br>Nevada System of Higher Education<br>5550 W. Flamingo Rd., Suite C-1<br>Las Vegas, NV 89103<br>Tel.: (702) 871-0200<br>Fax: (702) 889-8495<br>Attorneys for Defendants | /s/ Marie Mirch<br>Marie C. Mirch, Esq.<br>Nevada State Bar No. 6747<br>3507 W. Charleston Blvd.<br>Las Vegas, NV 89102<br>Tel.: (702) 324-7444<br>701 B. St., Suite 1310<br>San Diego, CA 92101<br>Tel.: (619) 501-6220<br>Fax: (619) 501-6980<br>Attorney for Plaintiffs |

**ORDER**

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Joint Motion for Approval of Settlement Agreement is granted. The Settlement Agreement, a true and correct executed copy of which is attached hereto as Exhibit 1, is hereby approved.

2. This action against the defendants is hereby dismissed with prejudice and the parties shall bear their own costs and fees incurred.

3. The parties are authorized and directed to comply with the terms of the Settlement Agreement.

DATED this 29th of November, 2010.

_____
DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "1"**

**EXHIBIT "1"**

## SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE

This Settlement Agreement and General Mutual Release ("Settlement") is made and entered into by and between MARY LAHREN ("LAHREN") and RICHARD SCHWEICKERT ("SCHWEICKERT") (collectively "Plaintiffs") and the NEVADA SYSTEM OF HIGHER EDUCATION ("NSHE"), a state entity, JOHN FREDERICK, an individual, JANNET VREELAND, an individual, MARY DUGAN, an individual, GINA TEMPEL, an individual, ROBERT KARLIN, an individual, PATRICIA CASHMAN, an individual, JOHN LILLEY, an individual, CAROL ORT, an individual, JANE LONG, an individual, JAMES TARANIK, an individual, and ROBERT WATTERS, an individual (collectively the "NSHE defendants").

## RECITALS

**WHEREAS**, LAHREN and SCHWEICKERT have made certain claims against the NSHE defendants in their action entitled Mary Lahren, Richard Schweickert v. NSHE, et al., and is pending in the Second Judicial District Court of the State of Nevada in and for the County of Washoe, Case No. CV05 02309 ("Case No. 1"); and

**WHEREAS**, LAHREN and SCHWEICKERT have also made certain claims against the NSHE defendants in their action entitled Mary Lahren and Richard Schweickert v. NSHE, et al., and is pending in the United States Court of Appeals for the Ninth Circuit, Appeal No. 10-15680 ("Case NO. 2"); and

**WHEREAS**, the NSHE defendants contested all of Plaintiffs' allegations and claims related to or set forth in Case Nos. 1 and 2; and

**WHEREAS**, four claims in Case No. 1 have been remanded by the Nevada Supreme Court to the Second Judicial District Court in and for the County of Washoe for further proceeding; and

**WHEREAS**, the NSHE defendants also were awarded summary judgment in Case No. 2 and Plaintiffs' appeal from that judgment is pending before the United States Court of Appeals for the Ninth Circuit; and

**WHEREAS**, a Ninth Circuit Court of Appeals mediation was conducted on October 21, 2010 in Case Nos. 1 and 2, during which the Plaintiffs and the NSHE defendants, to avoid the time and expense associated with the prosecution of Case Nos. 1 and 2, agreed to resolve all matters raised in Case Nos. 1 and 2; but excluding Schweickert's involvement in the case known as Hussein V and the Petition to Impanel a Grand Jury.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, the above-stated premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## TERMS

1.01   NSHE, for itself and for all the NSHE defendants in Case Nos. 1 and 2, and for its Board of Regents, the University of Nevada, Reno ("UNR"), their respective officers and employees, past and present, agents, successors and assigns, will pay LAHREN and SCHWEICKERT $20,000.00, inclusive of all damages, costs, and attorneys' fees incurred in Case Nos. 1 and 2 as of the October 21, 2010 mediation. The NSHE Defendants waive the costs awarded in Case No. 2.

1.02   This Settlement is conditioned upon entry of Orders approving a stipulation to dismiss all claims in Case Nos. 1 and 2 with prejudice. Immediately upon execution of this Settlement, LAHREN and SCHWEICKERT shall take any and all necessary actions to cooperate in such dismissal with prejudice of Case Nos. 1 and 2. LAHREN and SCHWEICKERT shall sign any and all documentation required to accomplish this objective.

1.03   For and in consideration of the promises, terms and conditions described herein, including the payment contained in Paragraph 1.0, LAHREN and SCHWEICKERT, on their own individual behalf, and on behalf of their heirs, insurers, executors, administrators, and assigns, hereby release, acquit, and forever discharge the NSHE defendants, NSHE Board of Regents, UNR, and their respective officers, employees, past and present, agents, representatives, insurers, successors and assigns, from all actions, causes of action, suits, judgments, claims, damages, demands, costs, expenses, including attorneys' fees, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, which LAHREN or SCHWEICKERT, or their heirs, insurers, executors, administrators, or assigns, had, have, or may have against the NSHE defendants, NSHE Board of Regents, UNR, and their respective officers, employees, past and present, agents, representatives, insurers, successors and assigns, arising out of LAHREN's or SCHWEICKERT's employment with UNR since 1990, including all claims asserted in Case Nos. 1 and 2 ; but excluding Schweickert's involvement in the case know as Hussein V and the Petition to Impanel a Grand Jury .

1.04   NSHE, on its own behalf, and on behalf of the NSHE defendants in Case Nos. 1 and 2, NSHE Board of Regents, UNR, and their respective officers and employees, past and present, agents, representatives, insurers, successors and assigns, acquits, releases and discharges LAHREN and SCHWEICKERT from all actions, causes of action, suits, judgments, claims, damages, demands, costs, expenses, including attorneys' fees, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, arising out of LAHREN's or SCHWEICKERT's employment with UNR, including costs pertaining to the defense of the claims asserted in Case Nos. 1 and 2.

1.05   This Settlement is intended to end, finally and forever, any and all claims asserted in Case Nos. 1 and 2, which any of the released parties have or may have against any of the other released parties. LAHREN and SCHWEICKERT are forever estopped from renewing any claim in Case Nos. 1 and 2, once they accept the consideration provided under this Settlement. This shall include any and all claims which were dismissed by the courts or voluntarily dismissed by LAHREN or SCHWEICKERT (whether with or without prejudice) in Case Nos. 1 and 2, but excluding Schweickert's involvement in the case known as Hussein V and the Petition to Impanel a Grand Jury.

1.06   Except as stated below, the parties mutually agree to fully comply with all provisions contained in that certain Settlement Agreement settling LAHREN'S EEOC Charge No. 340-A2-01621 and whose validity was upheld by the United States District Court for the District of Nevada in Case No. 3:03-cv-00631-ECR-VPC, and affirmed by the United States Court of Appeals for the Ninth Circuit in an unpublished decision in 2008.

1.07   It is expressly understood and agreed that the consideration, covenants, and agreements recited herein are made and accepted by the parties for the sole purpose of making a full and final settlement of all claims between the parties. It is further understood and agreed that this Settlement shall not be construed in any manner as an admission by any of the released parties of any liability, fault, obligation, or wrongdoing.

1.08   LAHREN and SCHWEICKERT agree not to hereafter disparage NSHE, the NSHE defendants, NSHE Board of Regents, UNR, and their respective officers (specifically either's upper level administrators), particularly with regard to the circumstances giving rise to the disputes regarding the subject matter of Case Nos. 1 and 2. NSHE, the NSHE defendants, NSHE Board of Regents, UNR, and their respective officers (specifically either's upper level administrators) agree not to hereafter disparage LAHREN or SCHWEICKERT, particularly with regard to the circumstances giving rise to the disputes which are the subject matter of Case Nos. 1 and 2. This includes oral or written statements regarding past performance or conduct. The term disparagement means any statement or representation which, directly or by implication, is intended to harm the reputation of any of the parties hereto.

1.09   The released parties warrant and represent that they, respectively, have not heretofore assigned, conveyed or transferred any claim, right or interest of any kind hereby released by this Settlement.

1.10   This Settlement shall be binding upon, and shall inure to the benefit of, the parties hereto, and their respective heirs, insurers, representatives, successors, and assigns.

1.11   It is expressly understood and agreed that there has been no inducement to any of the released parties to enter into this Settlement, and there is no consideration passing to the parties except as specifically set forth herein.

1.12  This Settlement contains the entire understanding and agreement between the parties and shall not be modified except by writing signed by the parties. Any statements, promises or representations, written or oral, not made a part of this Settlement shall have no binding effect whatsoever.

1.13  The parties understand and agree that the terms of this Settlement constitute a public record and may be disclosed pursuant to law, including, but not limited to, in response to a public records request, subpoena, court order, or request of any member of the Board of Regents or Chancellor. The parties shall not comment to the news media or press other that to state the parties have resolved their disputes and the cases have been dismissed.

1.14  Notwithstanding any other provisions of this Settlement, nothing shall, in any manner, be deemed a waiver or release of the rights of the parties herein to seek enforcement of this Settlement in the event of a claimed breach on the part of either party. In the event of a breach, the prevailing party shall be entitled to recover, in addition to any damages caused by such breach, any reasonable attorney's fees and costs incurred by such prevailing party.

1.15  If any provision of this Settlement is declared invalid, illegal, void or unenforceable by a court of competent jurisdiction, such provision will be regarded as stricken from the Settlement, and will not affect the validity or enforceability of the remainder of the Settlement.

1.16  It is further agreed the parties waive all known and unknown civil claims against one another stemming from events from 1990 to the present.

1.17  Neither LAHREN nor SCHWEICKERT will seek employment with NSHE or any of its member institutions including, but not limited to contract work, subcontract work, grants and consulting. Notwithstanding anything herein to the contrary, SCHWEICKERT's emeritus status will not be affected.

1.18  The parties shall jointly move the United States District Court for the District of Nevada for approval of this settlement.

1.19  UNR shall provide to Lahren a letter of reference, a copy of which is attached hereto.

1.20  LAHREN acknowledges and agrees that if she seeks references from UNR, she will direct the inquirer to Assistant Vice President of Human Resources at UNR. UNR is not responsible for statements by other parties other than those designated in this Settlement.

1.21  This Settlement shall be governed, construed and enforced in accordance with the laws of the State of Nevada, without regard to its conflict of laws principles. Any and all disputes arising out of or in connection with this Settlement shall be litigated only in the Second

Judicial District Court in and for the County of Washoe, State of Nevada, and the parties hereby expressly consent to the exclusive jurisdiction of said Court.

### ACKNOWLEDGMENT AND APPROVAL

1.22 The parties acknowledge and agree that they have read and understand fully this Settlement and that they have entered into it freely and voluntarily and with the advice of their own counsel and without reliance upon any statements or representation of NSHE, any of the NSHE defendants, NSHE Board of Regents, UNR, or their respective officers and employees, past or present, or agents, successors or assigns.

1.23 The undersigned are of legal age and capacity and competent to sign and execute said Settlement and accept full responsibility therefor.

BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION,

ON BEHALF OF ALL THE NSHE DEFENDANTS

By: _Jannet Vreeland_         Oct. 21, 2010
Jannet Vreeland, UNR Vice Provost      Date

MARY LAHREN, Plaintiff

By: _Mary Lahren_        10/21/10
Mary Lahren      Date

RICHARD SCHWEICKERT, Plaintiff

By: _Richard Schweickert_        10/21/2010
Richard Schweickert      Date

APPROVED AS TO FORM AND CONTENT

By: _____      10/21/10
Kwasi Nyamekye, Esq.               Date
*Attorney for the NSHE Defendants in Case No. 2*

By: _____      10/21/10
Frank H. Roberts, Esq.            Date
*Attorney for the NSHE Defendants in Case No. 1*

By: _____      10/21/10
Marie C. Mirch, Esq.             Date
*Attorney for Plaintiffs*

 University of Nevada, Reno

October 21, 2010

Dear Prospective Employer:

**Re:    Reference Letter for Dr. Mary Lahren**

This letter is to confirm the dates of employment and positions held by Dr. Mary Lahren while employed at the University of Nevada, Reno. Dr. Lahren's employment was from July 1, 1989 to July 31, 2002.

|  |  |
|---|---|
| Research Assistant Professor | July 1, 1989 – June 30, 1995 |
| Research Associate Professor | July 1, 1995 – July 31, 2002 |

It should be noted that Dr. Lahren received Excellent ratings on her annual performance evaluations that included both teaching and research.

Sincerely,

Tim McFarling, MSW, M.A., SPHR
Assistant Vice President
Human Resources
University of Nevada, Reno
Reno, NV 89557
Voice: 775-784-8269
Fax:   775-327-2290
E-mail: tcm@unr.edu

Human Resources - UNR
University of Nevada, Reno/0238
Reno, Nevada 89557-0238
(775) 784-6082 office
(775) 784-1079 fax
www.unr.edu/hr